UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PACIFIC REIGN OFFSHORE
ADVENTURES LLC, an Oregon limited
liability company; JOSHUA HENSON
and JESS MEDDOCK, individuals,

                    Plaintiffs,

        v.

ARMSTRONG CONSOLIDATED,
LLC d/b/a ACI BOATS, a Washington
limited liability company; and OXE
MARINE INC., a Georgia corporation;
OXE MARINE AB PUBL, a foreign
corporation that is organized under the
laws of Sweden,

                    Defendants.

CASE NO. 3:25-cv-5692

ORDER

THIS MATTER is before the Court on defendant OXE Marine AB publ's

("OXE") motion to compel arbitration, Dkt. 44.[1]

---

[1] For reasons that are not clear, OXE commenced a new case seeking to compel arbitration, rather than seeking to intervene in this case to assert its rights. *See OXE Marine AB v. Pacific Reign Offshore Adventures*, No. 25-6126-BHS, Dkt. 3. On January 26, 2026, the Court consolidated the cases. Dkt. 42.

ORDER - 1

Plaintiffs Pacific Reign Offshore Adventures LLC, and its owners, Joshua Henson, and Jess Meddock (together, "Pacific Reign") assert breach of express and implied warranty claims against OXE and its domestic subsidiary OXE Marine Inc. ("OMI") arising from Pacific Reign's purchase and construction of a fishing vessel with OXE marine engines. Dkt. 34.

OXE seeks to compel Pacific Reign to arbitrate its claims against it pursuant to the Federal Arbitration Act, 9 U.S.C. § 4. Dkt. 44. It asserts that any warranty claim arising out of OXE's Distribution Agreement with its former Washington distributor, Marine Propulsion, LLC d/b/a Diesel Outboards Northwest ("DONW"), must be arbitrated in Sweden, applying Swedish law. *Id.* OXE contends that because Pacific Reign seeks to obtain benefits under the Distribution Agreement, it is equitably estopped from disavowing that agreement's arbitration provision. *Id.* at 7–8.

Pacific Reign responds that its warranty claim does not arise from the Distribution Agreement, but instead from the "separate" OXE engine warranty—the "Global Warranty Policy for Recreational Users" ("Recreational User Warranty")—that DONW provided to Pacific Reign. The Recreational User Warranty does not contain an arbitration clause. Dkt. 34-2.

Pacific Reign contends that it was not a party to the Distribution Agreement, it did not see the Distribution Agreement, and it did not ever consent to arbitrate anything under it. It asks the Court to deny the motion to compel arbitration. Dkt. 45 at 2.

ORDER - 2

Because OXE fails to establish that Pacific Reign's claims are subject to the Distribution Agreement's arbitration clause, OXE's motion to compel arbitration is **DENIED**.

## I.    BACKGROUND

Pacific Reign contracted with defendant Armstrong Consolidated, LLC ("ACI") on June 30, 2021, for the construction and purchase of a 34-foot catamaran named Pacific Reign. Dkt. 1-1 at 2. In April 2022, Pacific Reign and ACI amended the contract to replace the specified Mercury outboard engines with OXE300 diesel outboard engines, resulting in a price increase. *Id.* at 3.

OXE sold the engines to DONW pursuant to an "Exclusive Distribution Agreement between OMI and [DONW]," designating DONW as the exclusive OXE engine supplier within an assigned territory of western states. Frick[2] Decl., No. 25-6126-BHS, Dkt. 5 at 3, 6. DONW sold the OXE engines to ACI, which in turn installed them on the boat it sold to Pacific Reign.

The Distribution Agreement defines the parties as "OXE Marine Inc (publ), reg. no 556889-7226 ('**OXE**')" and "[DONW] (the '**Distributor**')." *Id.* at 8. The Agreement's "notice" section requires communications addressed to OXE to be sent to "OXE Marine Inc.," at its Georgia address. *Id.* at 16.

---

[2] Frick's declaration was filed in the second action, No. 25-6126-BHS. The cases have since been consolidated. Dkt. 43.

ORDER - 3

The Distribution Agreement includes DONW's acknowledgment that there is no warranty except as stated in OXE's general terms and conditions, and that any dispute between OXE and DONW must be arbitrated, in Sweden, under Swedish law:

**8. PRODUCT WARRANTY**
8.1 The Distributor acknowledges that there is no warranty, representation or condition of any kind given by OXE concerning the Products sold to the Distributor under this Agreement, except as expressly stated in OXE's general terms and conditions as from time to time in force. The Distributor covenants that it will ensure that no other warranty or representation of fitness or merchantability, which purport to bind OXE, is made to any third party by itself or any of its Dealers.

***

**19. DISPUTES**
19.1 Any dispute, controversy or claim arising out of or in connection with this Agreement, or the breach, termination, or invalidity thereof, shall be finally settled by arbitration administered by the Arbitration Institute of the Stockholm Chamber of Commerce (the "SCC").

***

19.3 The seat of arbitration shall be Goteborg, Sweden. The language to be used in the arbitral proceedings shall be English. This Agreement shall be governed by the substantive law of Sweden.

*Id.* at 12, 16–17.

The Distribution Agreement includes signature[3] blocks for only "OXE Marine Inc (publ)" and DONW. *Id.* at 17. *Id.* Pacific Reign was not a party to the Distribution Agreement, and did not sign it. DONW has since gone out of business. Dkt. 22 at 3; Siebert Decl., Dkt. 25-1 at 1.

---

[3] OXE submitted an undated and unsigned copy of what it claims is the operative Distribution Agreement. *OXE Marine AB v. Pacific Reign Offshore Adventures*, No. 25-6126-BHS, Dkt. 5 at 17.

ORDER - 4

In contrast, the Recreational User Warranty that DONW provided to Pacific Reign in a link at the time of purchase did not include an arbitration provision:

This factory warranty ("Warranty") is given by OXE Marine AB (publ), Swedish Reg. no 556889-7226 . . . for Outboards produced from 2021 onwards . . . and sold to any of OXE's Authorized Distributors or Dealers in the Territory (Defined below). The warranty provided herein is for the benefit of and valid towards OXE's Authorized Distributor/Dealer only. . . . The Warranty does not give rise to any legal obligations on behalf of OXE towards the end-users or towards any other customer of OXE's Authorized Distributors/Dealers. The end-users and other customers must direct any inquiries or claims that they may have towards the relevant Distributor or Dealer with which they have entered a contract of sale.

***

During the Warranty Period as defined below, and subject to the terms, limitations, and exclusions of this warranty, OXE Marine AB (publ) will bear the expense of, at its option, the repair, reinforcement, or replacement for any Defect of the OXE Outboard under normal and proper use and service.

***

The warranties contained herein are exclusive and in lieu of all other warranties, whether express or implied including implied warranties of merchantability and fitness for a particular purpose.

Dkt. 34-2 at 4.

The Recreation User Warranty's "contact" section lists physical addresses for OXE in Ängelholm, Sweden and OMI in Albany, Georgia. *Id.* at 36. It also provides email addresses with the domain name "oxemarine.com" for each specific department, including warranty, technical support, and sales and marketing. *Id.* The email addresses do not distinguish between OXE and OMI.

Pacific Reign took possession of the vessel on December 8, 2022, and immediately experienced problems with the OXE engines. Dkt. 1-1 at 3. For three years,

ORDER - 5

Pacific Reign coordinated with OXE and OMI to repair, and eventually replace, two sets of OXE engines. Frick Decl., No. 25-6126-BHS, Dkt. 5 at 2. Nevertheless, the problems continued. On May 16, 2025, Pacific Reign revoked its acceptance of the vessel and demanded that ACI refund the full purchase price, along with incidental and consequential damages. Dkt. 3-1 at 38.

In July 2025, Pacific Reign sued ACI and OMI, alleging breach of contract and warranty claims. Dkt. 1-1. On December 3, 2025, the Court granted OMI's motion to dismiss without prejudice, concluding that Pacific Reign failed to plausibly allege in its complaint that OMI, rather than its parent company OXE, was responsible for satisfying the Recreational User Warranty obligations. Dkt. 31 at 17. The Court permitted Pacific Reign to amend its complaint to bolster its allegations. *Id.* at 19.

On December 15, 2025, OXE commenced a separate action against Pacific Reign, asking the Court to compel Pacific Reign to arbitrate its claims in Sweden, under the Distribution Agreement. No. 25-6126-BHS, Dkts. 1, 3. On December 24, 2025, Pacific Reign filed an amended complaint, and moved to add OXE as a defendant. Dkts. 34, 35. OXE did not oppose this motion, and it was granted. Dkt. 39.

Pacific Reign asserts against OMI and OXE breach of express and implied warranty, breach of warranty based on failure of essential purpose, violation of the Magnusson-Moss Warranty Act, alter ego, promissory estoppel, third party beneficiary, and assumption of warranty claims. Dkt. 34. It asserts that OXE and OMI are jointly liable. *Id.*

The issues are addressed in turn.

ORDER - 6

## II.  DISCUSSION

The Federal Arbitration Act provides for the enforceability of valid arbitration agreements and "permits a party 'aggrieved by the alleged . . . refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting 9 U.S.C. § 4). A court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id.* (citation omitted). If the answer to both questions is 'yes,' then the agreement must be enforced.  *Id.* The FAA "leaves no place for the exercise of discretion by a district court;" instead it mandates "that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)) (emphasis in original).

In evaluating whether parties have agreed to arbitrate, courts apply the Federal Rule of Civil Procedure 56 summary judgment standard. *Knapke v. PeopleConnect, Inc*, 38 F.4th 824, 831 (9th Cir. 2022). Under Rule 56, a court must view all evidence in the light most favorable to the nonmoving party and consider whether there is a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If arbitrability is genuinely disputed, a court must proceed to a trial to resolve that issue before taking any further action. *Knapke*, 38 F.4th at 831.

To determine arbitrability, courts look to state contract law principles. *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009). These principles include (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) estoppel. *Id*. (quoting *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006)). Equitable estoppel "'precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.'" *Comer*, 436 F.3d at 1098 (quoting *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 267 (5th Cir. 2004)). In the arbitration context, this doctrine applies when a nonsignatory "*knowingly exploits* the agreement containing the arbitration clause" and is therefore bound by it, despite having never signed the agreement. *Mundi*, 555 F.3d at 1044 (emphasis added).

OXE acknowledges that Pacific Reign is not a party to the Distribution Agreement. Dkt. 44 at 8. But it contends that because Pacific Reign seeks to enforce the Distribution Agreement's warranty provision, it is equitably estopped from disclaiming that agreement's arbitration provision. *Id.*

Pacific Reign responds that it seeks coverage not under the warranty described in the Distribution Agreement, but under a different document: the Recreational User Warranty that OXE's now-defunct, exclusive distributor, DONW provided to it. It correctly contends that this is a distinct document, and it attached this Recreational User Warranty to its amended complaint as Exhibit B. Dkts. 3-1 and 34-2.

OXE's reply on this point is not clear. It argues that Pacific Reign necessarily seeks to enforce the Distribution Agreement (and is therefore bound by its arbitration provision) because Pacific Reign attached what OXE calls the "distribution agreement

warranty" to its original and amended complaints, Dkts. 3-1 at 26 and 34-2. Dkt. 46 at 2. But the Recreational User Warranty is not the Distribution Agreement. It is not an attachment to that Agreement, and it does not reference that Agreement. It does not require arbitration of claims under it. Whether or not the Distribution Agreement references the Recreational User Warranty, there is no evidence and no real claim that Recreational User Warranty, Dkt. 34-2, references or incorporates the Distribution Agreement, Dkt. 5 at 7. There is no evidence that Pacific Reign ever saw the Distribution Agreement, and OXE does not dispute that Pacific Reign was given the Recreational User Warranty.

Pacific Reign cannot be compelled to arbitrate under an agreement to which it was plainly not a party and from which it does not seek to benefit. Pacific Reign asserts claims based on the Recreational User Warranty DONW gave it when it purchased the vessel. It does not, and does not need to, assert a claim based on the warranty in the Distribution Agreement between OXE and DONW, which it never signed or saw. Pacific Reign is not "knowingly exploiting" that agreement as a matter of law. *See Mundi*, 555 F.3d at 1044 (a party must "knowingly exploit" an agreement to be bound by it).

OXE's motion to compel arbitration under the Distribution Agreement, Dkt. 44, is **DENIED.**

Dated this 3rd day of February, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 9